IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jerroll M. Sanders, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:17-cv-10578 |
| v. ) | |
| ) | Honorable Arthur J. Tamow |
| Kelly Sennholz, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO QUASH DEFECTIVE SUMMONSES AND BRIEF IN SUPPORT

Come now Defendants, by counsel, and pursuant to L.R. 7.1, respectfully move the Court to quash the defective summonses served by Plaintiff and to revise the date by which Defendants' Answer or other response is due.

BRIEF IN SUPPORT

<u>Issue Presented:</u>    The summons allegedly served by Plaintiff are invalid and should not be permitted to trigger the date by which Defendants' Answer or other response is due.

Controlling Authority:    Fed. R. Civ. P. 4(a)(1) states: "A summons must: . . . (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; . . . [and] (F) be signed by the clerk . . . ."

<u>Facts in Support:</u>  The following facts are stated in support of this motion:

1. On February 23, 2017, Plaintiff filed her Complaint. (Dkt. 1.)

2. On page 21 of the documents filed by Plaintiff and entered in this Court's ECF system as Dkt. 1 (the New Lawsuit Check List), there are two handwritten notes stating: "*incomplete summons – no plaintiff address" and "*incomplete summons – plaintiff name + address are not completed". (Dkt. 1, p. 21.)

3. Pursuant to Fed. R. Civ. P. 4(d)(1), Defendants had "a duty to avoid unnecessary expenses of serving the summons[,]" and so based on these above-described handwritten notes and Defendants' assertions that they had not received any summonses, the undersigned attorney filed a Waiver of Service of Summons. (Dkt. 8.) A copy of this Waiver of Service of Summons was sent to Plaintiff via First Class Mail on March 13, 2017.

4. Shortly thereafter, on March 15, 2017, Plaintiff sent Proof of Service of Summons. (*See* Dkt. 7, p. 3.) These documents indicate that service was perfected via hand delivery on the following dates:

    a. For Defendant Donna Soodalter-Toman, February 25, 2017 (Dkt. 4);

    b. For Defendant Diane Blumstein, March 7, 2017 (Dkt. 5);

    c. For Defendant Nancy Goodman, March 1, 2017 (Dkt. 6); and

    d. For Defendant Kirstin Elaine Martin, February 25, 2017 (Dkt. 7).

5. No Summons and Complaint Return of Service has yet been filed for Defendant Kelly Sennholz.

6. The summonses allegedly served by Plaintiff (see Dkt. 7, p. 2 (only one actual summons was filed)) were deficient under Fed. R. Civ. P. 4(C) and (F), as they did not state the name and address of the plaintiff and were not signed by the clerk.

7. Based on the alleged service date of the defective summonses, the Court calculated Defendants' deadline to answer as March 20, 2017. (The date of service for each summons was entered as February 25, 2017.) Defendants would be highly prejudiced by this result, as it would mean that Defendants failed to respond in a timely manner.

8. Pursuant to L.R. 7.1(a), the undersigned sent Plaintiff an email on March 30, 2017 at 9:33 a.m., asking whether she would oppose this motion. As of the time of this filing, Plaintiff has not responded to the inquiry.

WHEREFORE Defendants pray that the summonses be quashed and that their deadline to respond to the allegations of Plaintiff's Complaint be set at April 18, 2017, as suggested in their Waiver of Service of Summons (60 days after the date of the filing of the Complaint), or another date set by the Court, and for all other relief just and proper in the premises.

Respectfully submitted,

s/ *Jessica A. Wegg*
Jessica Wegg
Saeed & Little, LLP
1433 North Meridian Street, Suite 202
Indianapolis, IN 46202
T: (317) 721-9214
E: jessica@sllawfirm.com

*Attorney for Defendants*

CERTIFICATE OF SERVICE

I certify that the foregoing paper or pleading was served via USPS First Class Mail, postage paid, upon:

Jerroll Sanders
19315 Monica
Detroit, MI 48221

And via email to jerrollms@yahoo.com.

Dated: March 31, 2017                    s/ *Jessica A. Wegg*
                                         Jessica Wegg